IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER MALDONADO, *et al.*, : | |
|     Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. 23-CV-4255 |
| : | |
| CHERL STEBERGER, *et al.*, : | |
|     Defendants. : | |

<u>MEMORANDUM</u>

**KENNEY, J.**                                                                                                                         **JANUARY 19, 2024**

      Plaintiffs Christopher Maldonado, Corry M. Brooks, Ethan Anthony Chin, and James Pilgrim, who are currently confined at Lancaster County Prison ("LCP"), filed this *pro se* action alleging violations of their civil rights in connection with a water contamination event at LCP. As discussed more fully below, Brooks's claims will be dismissed so that he may proceed in *Brooks v. Steberger*, Civ. A. No. 23-4535 (E.D. Pa.). Additionally, James Pilgrim will be dismissed as a party to this case for failure to prosecute his claims. Maldonado and Chin will be granted leave to proceed *in forma pauperis*. Their Complaint will be dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and they will be permitted to proceed to service on their claims against Warden Steberger only.

**I.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

      Plaintiffs commenced this civil action on October 27, 2023, by filing a Complaint, along with an application to proceed *in forma pauperis*. (ECF Nos. 1, 2.) The Complaint was signed only by Maldonado. (ECF No. 2.) The application to proceed *in forma pauperis* contained no

---

[1] The allegations set forth in this Memorandum are taken from the Complaint. (*See* ECF No. 2.) The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

financial information, and also was signed only by Maldonado. (ECF No. 1.) By Order dated November 7, 2023, the Court granted Brooks, Chin, and Pilgrim thirty-days leave to either pay the required filing fees, or to submit complete applications to proceed *in forma pauperis* along with copies of their prison account statements (or institutional equivalents). (ECF No. 5.) Brooks, Chin, and Pilgrim also were instructed to sign and return to the Court the Declaration that was attached thereto, and which certified, *inter alia*, that each had read the Complaint and that each intends to pursue his claims as a Plaintiff in this action. (*Id.*)

In response, Maldonado submitted to the Clerk of Court for filing on November 20, 2023, another application to proceed *in forma pauperis*, a signed Declaration, and his prison account statement. (*See* ECF Nos. 6, 7, 8, 9.) On November 30, 2023, Brooks also filed an application to proceed *in forma pauperis*, a signed Declaration, and a prison account statement, (*see* ECF Nos. 10, 11, 12), and on December 6, 2023, Chin did the same, (*see* ECF Nos. 13, 14, 15). James Pilgrim submitted no documentation to the Court. Accordingly, he will be dismissed as Plaintiff to this matter for failure to prosecute.

In the meantime, on November 9, 2023, Brooks commenced a separate civil action based on the same underlying events at issue in the instant civil action. *See Brooks v. Steberger*, Civ. A. No. 23-4535 (E.D. Pa.). As that case is proceeding in due course, the Court will dismiss Brooks from the present action so that he may continue in Civil Action No. 23-4535. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation."); *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (*en banc*) (stating that the plaintiff "had no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant"); *see also*

*Fabics v. City of New Brunswick*, 629 F. App'x 196, 198-99 (3d Cir. 2015) (*per curiam*) (affirming dismissal of second pending action as duplicative); *McKenna v. City of Philadelphia*, 304 F. App'x 89, 92-93 (3d Cir. 2008) (same).[2]

Turning to the Complaint, Maldonado and Chin have named as Defendants Warden Cheryl Steberger,[3] Mental Health/PREA Investigator Toni Warfel, and Prison Investigator Justin Hackler. (Compl. at 2-3.) Each is sued in their individual and official capacities. (*Id.*) Plaintiffs, who are pretrial detainees, allege that their constitutional rights have been violated, and that they have been subjected to gross negligence in connection with matters related to the Legionella outbreak. (*Id.* at 3-4.) They claim that the three Defendants "ignored or dismissed our grievances and or removed our grievances off the kiosk system and showed deliberate indifference and gross negligence towards the safety and our health." (*Id.* at 4.) Specifically, they claim they received a notification on their tablets on July 30, 2023, that an inmate on the MHU had tested positive for Legionella. (*Id.* at 5, 9.) Plaintiffs allege that the MHU's water supply was cleaned and the inmates housed there were given bottled water and Gatorade to drink. (*Id.*) In contrast, Plaintiffs assert that inmates housed in the G-2 unit on the RHU were

---

[2] The Complaint in Civil Action No. 23-4535 is dated October 13, 2023. (*See* Civ. A. No. 23-4535, ECF No. 2 at 17.) In contrast, the Complaint in Civil Action No. 23-4255, that was signed only by Maldonado, was dated on October 23, 2023, and the Declaration that Brooks later submitted for that Complaint, was dated November 21, 2023. (*See* Civ. A. No. 23-4255, ECF No. 2 at 17 and ECF No. 11 at 1.) Thus, Civil Action No. 23-4535 appears to be the first filed matter. Additionally, Brooks's motion to proceed *in forma pauperis* was granted in Civil Action No. 23-4535. (*See* ECF Nos. 7, 8.) Because he is a prisoner, Brooks will be obligated to pay the $350 filing fee in that case in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b). If Brooks were granted *in forma pauperis status* and permitted to proceed in the present case, he would be obligated to pay an additional $350 filing fee for this case.

[3] Warden Steberger's name is spelled incorrectly in the Complaint. The Court will utilize the proper spelling of this Defendant's name.

3

"not given clean water to drink or Gatorade as the inmates on the 3rd floor of the jail did" and that they "were forced to have to drink the water in the [sic] July 30th thru at least to October 1st due to Cherl [sic] Steberger not authorizing Gatorade to drink or clean bottled water." (*Id.* at 5, 11.)  As alleged, Chin "talked to the Warden about our or of his concern of the drinking water being contaminated and J. Hackler was told so he could look into the apparent issue." (*Id.* at 5.) Plaintiffs contend that they "suffered from headaches, nausea, diarrhea, and vomiting due to the Legionella in the prison[']s water supply." (*Id.* at 5, 12.)  Plaintiffs seek monetary damages for their claims, and to be tested for Legionella and harmful metals in the drinking water.  (*Id.* at 5.)[4]

## II.   STANDARD OF REVIEW

The Court grants Maldonado and Chin leave to proceed *in forma pauperis* because it appears that each is incapable of paying the fees to commence this civil action.[5]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to

---

[4] Attached as Exhibit A to the Complaint is what appears to be a handwritten copy of a grievance that was submitted by Plaintiff Chin. (*See* Compl. at 9-10.)  Therein, Chin claimed that on July 30, the jail issued a notification that an inmate on the MHU had tested positive for Legionella. (*Id.* at 9.)  According to Chin, inmates on G2 continued to drink water from the contaminated system until August 25, 2023, when the system was cleaned. (*Id.*)  The grievance indicates that Inmate Corry Brooks tested positive for pneumonia the third week of July 2023 and "due to the inmate on the MHU the jail immediately reacted by cleaning MHU's water system the first week but allowed inmates on CL-5 to continue drinking this contaminated water and we had an inmate test positive for pneumonia caused by this contaminated water." (*Id.*)  Exhibit A also indicates that the grievance was denied and appealed through the final appeal process. (*Id.* at 9-10.)

[5] Because Maldonado and Chin are prisoners, each will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (internal quotations omitted)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)). However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

### III.   DISCUSSION

Maldonado and Chin assert constitutional claims and a state law negligence claim based on their exposure to the contaminated water supply at LCP and resultant illness. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

### A. Claims Against Warden Steberger

The Court understands Maldonado and Chin to assert an Eighth Amendment deliberate indifference claim concerning the conditions of their confinement, as well as a state law claim for negligence, against Warden Steberger. (*See* Compl. at 3-5, 9, 11-12.) "[T]he Eighth Amendment's Cruel and Unusual Punishments Clause does not apply until after sentence and conviction." *Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005) (internal quotations omitted). Since Maldonado and Chin checked the box on the form Complaint indicating that they are pretrial detainees, their claim is governed by the Due Process Clause of the Fourteenth Amendment. *See id.* at 166.

As alleged, due to Warden Steberger's deliberate indifference and negligence, Maldonado and Chin were exposed to Legionella through the drinking water on the RHU, resulting in their illness. (Compl. at 3-5, 9, 11-12.) Plaintiffs claim that steps were taken to remediate the contamination in the MHU, but not in the RHU where they were housed. (*See id.*) Taking the allegations as true as the Court must at this stage of the litigation, the Court will permit Maldonado and Chin's Fourteenth Amendment conditions of confinement and state law negligence claims against Warden Steberger to proceed to service at this early stage of the litigation for a response to the Complaint.

### B. Claims Against Warfel and Hackler

In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode*, 845 F.2d at 1207; *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her own

misconduct.") (internal quotations and citations omitted).  With respect to the conditions of confinement claim, Maldonado and Chin allege only that "J. Hackler was told so he could look into the [water contamination] issue." (Compl. at 5.)  They present no direct allegations concerning Defendant Warfel's involvement in the alleged violation based on their conditions of confinement at LCP.  It appears, rather, that the claims against these Defendants are based on how they handled grievances related to the outbreak.  (Compl. at 4 (alleging that "Cherl [sic] Steberger, Toni Warfel, J. Hackler ignored or dismissed our grievances and or removed our grievances off the kiosk system and showed deliberate indifference and gross negligence towards the safety and our health.").)

A prison official's involvement in the grievance process, alone, does not make the § 1983 conditions of confinement claim actionable against Defendants Warfel and Hackler.  *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (finding that review and denial of a grievance did not demonstrate personal involvement); *Folk v. Prime Care Med.*, 741 F. App'x 47, 51 (3d Cir. 2018) (*per curiam*) ("Although some of these defendants were apparently involved in responding to some of Folk's prison grievances, there are no allegations linking them to the underlying incidents and thus no basis for liability based on those later grievance reviews."); *Curtis v. Wetzel*, 763 F. App'x 259, 263 (3d Cir. 2019) (*per curiam*) ("The District Court properly determined that Defendants [Superintendent] Wenerowicz, Lewis, and Shaylor – who participated only in the denial of Curtis' grievances – lacked the requisite personal involvement [in the conduct at issue].").  Because Warfel and Hackler are only alleged, at most, to have been involved in the grievance process, a claim against them for deliberate indifference to the conditions at LCP is not plausible and will be dismissed with prejudice.

Further, to the extent that Maldonado and Chin seek to bring independent claims based on the handling of grievances by Defendants Steberger, Warfel and Hackler, such claims fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (*per curiam*); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (*per curiam*); *Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (*per curiam*) ("[B]ecause a prisoner has no free-standing constitutional right to an effective grievance process, [a prisoner] cannot maintain a constitutional claim . . . based upon his perception that [the defendant] ignored and/or failed to properly investigate his grievances." (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991))).[6]

## IV.     CONCLUSION

As set forth more fully above, the Court will dismiss Pilgrim as a Plaintiff in this action for failure to prosecute his claims.  Additionally, Brooks will be dismissed as a Plaintiff in this action without prejudice to his right to pursue his claims in *Brooks v. Steberger*, Civ. A. No. 4535 (E.D. Pa.).  The Court will dismiss Maldonado and Chin's Complaint in part.  Maldonado and Chin's conditions of confinement and negligence claims against Warden Steberger will proceed to service under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 1915(d).  However, Maldonado and Chin's claims against Defendants Warfel and Hackler will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Leave to amend will not be given with respect to the claims against Defendants Warfel and Hackler, because the

---

[6] To the extent Maldonado and Chin seek to bring suit against Warfel and Hackler in their official capacities, such claims are duplicative of the official capacity claims against Warden Steberger.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978)).

Court concludes that amendment would be futile under the circumstances of this case. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

/s/ Chad F. Kenney

**CHAD F. KENNEY, J.**