IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER MALDONADO, *et al.*, : | |
|     Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. 23-CV-4255 |
| : | |
| CHERL STEBERGER, *et al.*, : | |
|     Defendants. : | |

## ORDER

AND NOW, this 19th day of January, 2024, upon consideration of the Complaint filed by Plaintiffs Christopher Maldonado, Corry M. Brooks, Ethan Anthony Chin, and James Pilgrim, as well as the Motions to Proceed *In Forma Pauperis* (ECF No. 1, 7, 12, 14), and Prisoner Trust Fund Account Statements (ECF No. 6, 10, 15), it is **ORDERED** that:

1. For the reasons stated in the Court's Memorandum, James Pilgrim's claims are **DISMISSED WITHOUT PREJUDICE** for failure to prosecute. The Clerk of Court is **DIRECTED** to **TERMINATE** Pilgrim as a party to this case.

2. For the reasons stated in the Court's Memorandum, Corry M. Brooks's claims are **DISMISSED** without prejudice to his right to pursue his claims related to the water contamination issues at Lancaster County Prison in the pending matter, *Brooks v. Steberger*, Civ. A. No. 23-4535 (E.D. Pa.). Brooks's Motion to Proceed *In Forma Pauperis* (ECF No. 12) is **DENIED AS MOOT**. The Clerk of Court is **DIRECTED** to **TERMINATE** Brooks as a party to this case.

3. Leave to proceed *in forma pauperis* is **GRANTED** to Plaintiff Christopher Maldonado (ECF Nos. 1, 7).

4.      Christopher Maldonado, #03-0234, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case.  The Court directs the Warden of Lancaster County Prison or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Maldonado's inmate account; or (b) the average monthly balance in Maldonado's inmate account for the six-month period immediately preceding the filing of this case.  The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case.  In each succeeding month when the amount in Maldonado's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Maldonado's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

5.      Leave to proceed *in forma pauperis* is **GRANTED** to Plaintiff Ethan Anthony Chin (ECF No. 14).

6.      Ethan Anthony Chin, #20170001281, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case.  The Court directs the Warden of Lancaster County Prison or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Chin's inmate account; or (b) the average monthly balance in Chin's inmate account for the six-month period immediately preceding the filing of this case.  The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case.  In each succeeding month when the amount in Chin's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to

Chin's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

7. The Clerk of Court is **DIRECTED** to **SEND** a copy of this Order to the Warden of Lancaster County Prison.

8. The Complaint is **DEEMED** filed.

9. For the reasons stated in the Court's Memorandum, all claims against Defendants Warfel and Hackler are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

10. The Clerk of Court is **DIRECTED** to **TERMINATE** Toni Warfel and Justin Hackler as Defendants in this case.

11. Maldonado and Chin may proceed at this time on their conditions of confinement and negligence claims against Warden Steberger.

12. The Clerk of Court is specially appointed to serve written waiver requests on **Cheryl Steberger, Warden**, pursuant to Federal Rule of Civil Procedure 4(d), to effect waiver of service.

13. The waiver of service request shall be accompanied by a copy of the Complaint and shall inform the Defendant of the consequences of compliance and failure to comply with the requests. The request shall allow the Defendant at least 30 days from the date it is sent (60 days if addressed outside any judicial district of the United States) to return the signed waiver.

14. If a signed waiver is not returned within the time limit given, the Court will issue subsequent orders to attempt to effect service by the U.S. Marshal in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3).

15. The Clerk of Court is **DIRECTED** not to issue summonses until further order of this Court.

16. No discovery will take place in this case until the Court enters a scheduling order or other order permitting discovery. This means the Court **will not consider discovery motions** unless or until discovery is authorized. At this early stage of the case, it cannot yet be determined if a hearing or discovery will be necessary for the disposition of this case.

17. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*) in accordance with Federal Rule of Civil Procedure 5(b), and Local Rule 5.1.2 where applicable, and should include any certificate of service required by Rule 5(d).

18. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and Local Rules are to be followed. Maldonado and Chin are specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal.

19. Once discovery is permitted, Maldonado and Chin should note Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." In accordance with Local Rule 26.1(f), Maldonado and Chin shall attempt to resolve any discovery disputes by contacting Defendant's counsel directly by telephone or through correspondence.

20. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk of Court.

21.     In accordance with Local Rule 5.1(b), the parties should notify the Clerk's Office of a new address within fourteen (14) days of an address change.  Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

22.     Maldonado and Chin may file a motion for voluntary dismissal of this case at any time if Maldonado and Chin decide not to pursue it.  In making this decision, Maldonado and Chin should consider the statute of limitations.

**BY THE COURT:**

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, J.**